IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

IN RE:

MICHAEL WAYNE BENSON
HANNAH JOY BENSON,

    DEBTOR.

Case No.: BK-14-80771-TRC
Chapter 13

### RESPONSE TO DEBTORS' MOTION TO DETERMINE MORTGAGE FEES, EXPENSES AND CHARGES

Comes now the secured creditor, MIDFIRST BANK (hereinafter, "Midfirst"), by their attorney, Robert J. Hauge, and responds to Motion to Determine Mortgage Fees, Expenses and Charges filed by Debtors on January 26, 2015:

1.    The Debtors filed this Chapter 13 proceeding on July 2, 2014. The Debtors listed Midfirst on Schedule D as a creditor holding a secured claim and listed the real property subject to Midfirst's security interest on Schedules A and C.

2.    The Court established the deadline for filing claims on November 5, 2014. Midfirst filed its Proof of Claim in this proceeding on August 12, 2014. The debtors Chapter 13 plan was confirmed on September 15, 2014.

3.    Midfirst filed a Notice of Post Petition Fees, Expenses, and Charges on January 19, 2015. The Notice of Post-Petition Fees, Expenses, and Charges was filed within 180 days of the incurrence of the fees, expenses or charges.

4.    Rule 3002.1© of the Federal Rules of Bankruptcy Procedure requires that the holder of a secured claim shall file and serve a notice itemizing post-petition fees, expenses, and charges alleged to be recoverable against the debtor or against the debtor's principal residence within 180 days after the date on which the fees, expenses or charges were incurred. The filing of this notice was in compliance with F.R.B.P. Rule 3002.1©.

4. Paragraph 9 of the Uniform Covenants in the mortgage executed by the Debtors specifically provides that the Lender (secured creditor) may protect it interest in the property and rights under the security instrument. The paragraph specifically references the right to incur reasonable attorney's fees to protect its interest in the property, including its secured position in a bankruptcy proceeding. The fees, expenses and charges were incurred in the process of reviewing the bankruptcy petition and plan and the preparation of the proof of claim for filing. The $735.00 in fees, expenses, and charges itemized in the Notice were reasonable and necessary for the protection of the secured creditor's interest in the property and the participation in this bankruptcy proceeding. The mortgage provides that these expenses and charges shall become additional debt to the borrower secured by the security instrument. Midifrst was exercising its rights contained within the mortgage executed by the debtors and complying with the Federal Rules of Bankruptcy Procedure.

WHEREFORE, PREMISES CONSIDERED, Midfirst prays this Court deny the Motion to Determine Mortgage Fees, Expenses and Charges; and for such further relief as this Court deems appropriate.

    MIDFIRST BANK,

By:    s/ Robert J. Hauge_____
         Robert J. Hauge - #20007
         Baer, Timberlake, Coulson & Cates, P.C.
         6846 South Canton, Suite 100
         Tulsa, Oklahoma 74136
         Telephone: (918) 491-3100
         Facsimile: (918) 491-5424
         Attorney for Movant

## CERTIFICATE OF SERVICE

I hereby certify that I mailed a true and correct copy of the above and foregoing Response with postage thereon fully prepaid to the parties listed below on February 12, 2015.

Michael Wayne Benson
Hannah Joy Benson
10489 Prairie Valley Road
Lone Grove, OK  73443

The following persons should have received notice of the above and foregoing instrument on the same day it was filed by the Court's CM/ECF Electronic Noticing System.

W. Mark Bonney
215 State St Ste 1000
PO Box 1548
Muskogee, OK  74402

Jimmy L. Veith
120 "A" Street NW
P.O. Box 607
Ardmore, OK  73402

        By:  s/ Robert J. Hauge_____
             Robert J. Hauge